UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR VIOLA,<br>        Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>)  CIVIL ACTION NO. |
| GENERAL MOTORS CORPORATION,<br>        Defendant.   MAGISTRATE JUDGE | )<br>) |

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 5_____

## NOTICE OF REMOVAL

TO:    THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

The defendant-petitioner, General Motors Corporation, hereby gives notice of the

removal of the above-captioned civil matter from Barnstable District Court, Barnstable County,

Commonwealth of Massachusetts, to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § 1446.  In support of their Notice of Removal, the

defendants state the following:

1.    The defendants are parties to a civil action filed in the Barnstable District Court,

Barnstable County, Commonwealth of Massachusetts, captioned *Arthur Viola v. General Motors*

*Corporation*, Civil Action Number. (Summons, Complaint and Statement of Damages are

attached as Exhibit A)

2.    The plaintiff's Complaint and Statement of Damages, which were filed on or

about June 21, 2004 in the Barnstable District Court, are the initial pleadings setting forth the

claim upon which the above-captioned matter is based.  To the best of General Motors

Corporation's knowledge, no further pleadings have been filed in and no other orders have been

issued by the Barnstable District Court.  The attached Exhibit A contains all of the documents

known to have been filed in Barnstable District Court.

3.     On or about June 25, 2004, the plaintiff served a copy of the Summons and Complaint by first-class mail, postage prepaid, to CT Corporation System, General Motors Corporation's local agent for acceptance of process.

4.     The plaintiff alleges he sustained "serious personal injuries, a period of disability, underwent substantial medical treatment, experienced pain and suffering " and "incurred medical expenses" when an airbag he alleges was in a vehicle in which he was operating failed to immediately deploy at the time of impact or any time thereafter after he was involved in a single vehicle accident.  The plaintiff asserts that as a result of General Motors Corporation's alleged negligence, he has incurred medical expenses in the amount of $20,085.28.

5.     The plaintiff is a natural person with a principal residence at Cummaquid, Massachusetts.

6.     General Motors Corporation is a foreign corporation with its principal place of business in Detroit, MI.

7.     This action is a civil action over which this Court would have had original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court based on complete diversity of citizenship between the parties.

8.     The defendant is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(a) as this Court would have had original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the defendants are removing to the district (and division) where the action is now pending pursuant to 28 U.S.C. § 1441(a).

9.     The defendant is also entitled to remove this action pursuant to 28 U.S.C. § 1446(b) because defendants' Notice of Removal is filed within 30 days of receipt of the plaintiff's Summons and Complaint.

-2-

WHEREFORE, the defendant hereby pray for removal of the above-captioned civil matter from the Barnstable District Court, Barnstable County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, and respectively request that this Court assume jurisdiction of this case, and take all such further action as deemed just and proper.

Respectfully submitted
**GENERAL MOTORS CORPORATION**
By their Attorneys,

Richard P. Campbell, BBO #651600
Steven M. Key, BBO #638145
Campbell Campbell Edwards & Conroy,
Professional Corporation
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

Dated: July 7, 2004

## CERTIFICATE OF SERVICE

I, Steven M. Key, hereby certify that on July 7, 2004, I served a true copy of the above document by causing a copy to be faxed and mailed, by first class mail, postage prepaid, to the plaintiff's attorney, John C. Manoog, III, Law Offices of John C. Manoog, III, 450 South Street, Hyannis, Massachusetts 02601.

Steven M. Key

-3-

Uniform Form DCM-13
AR4-76

# Trial Court of the Commonwealth
# District Courts of Massachusetts

BARNSTABLE _____ , SS .

ARTHUR VIOLA,
Plaintiff

v.

Civil Action No. _____

GENERAL MOTORS CORPORATION,
Defendant

## SUMMONS
(Rule 4)

To defendant General Motors Corporation                    c/o CT Corporation
_____ of 101 Federal Street, Boston, MA 02110
              (name)                                                        (address)

You are hereby summoned and required to serve upon John C. Manoog III , plaintiff('s

attorney), whose address is 450 South Street, Hyannis, MA  02601 , a copy of your answer to
the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of
the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You
need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of
the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS_____ JOSEPH J. REARDON _____ , Presiding Justice, on _____
                                                                                                                    (date)

(SEAL)                                                                                                    _____
                                                                                                                    Clerk

Note:  (1)   When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons
              is used for each defendant, each should be addressed to the particular defendant.
        (2)   The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons
              before it is served.

## RETURN OF SERVICE

On [                    ] , I served a copy of the within summons, together with a copy of the
        (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
6/24/04                                                                                    _____
                                                                                                    (signature)

                                                                                                    _____
                                                                                                    (name and title)

                                                                                                    _____
                                                                                                    (address)

Note:  (1)   The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney,
              as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within
              the same time during which the person served must respond to the process.  Rule 4(f).
        (2)   Please place date you make service on defendant in the box on the copy served on the defendant, on the original re-
              turned to the court and on the copy returned to the person requesting service or his attorney.
        (3)   If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons
              to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the
              summons was sent (G.L. c. 223, sec. 31).

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss

DISTRICT COURT DEPARTMENT
Civil Action No.

————————————————

ARTHUR VIOLA,                )
    Plaintiff                )
                          )
v.                           )
                          )
GENERAL MOTORS CORPORATION,   )
    Defendant                )

————————————————

## COMPLAINT

### Parties

1. The Plaintiff, Arthur Viola, is a natural person with a principal residence of 41 Stoney Point, Cummaquid, Massachusetts.

2. The Defendant, General Motors Corporation, is a foreign corporation with a principal business address of 300 Renaissance Center, Detroit, Michigan.

3. The Defendant, General Motors Corporation, is registered to do business in the Commonwealth of Massachusetts.

### Statement of Facts

4. Paragraphs 1 through 3 are realleged and are incorporated herein by reference.

5. On or about June 22, 2001, the Plaintiff, Arthur Viola, was operating his motor vehicle Eastbound on Route 6A in Dennis, Massachusetts.

6. The Plaintiff's motor vehicle, a 2000 Chevrolet C150 pickup truck, was manufactured by the Defendant, General Motors Corporation.

7. As the Plaintiff proceeded Eastbound, he suffered a diabetic reaction, at which point he lost control of the operation of his motor vehicle.

8. As a result, the Plaintiff's vehicle veered off the right shoulder of the road, rolled several times and struck a utility pole with great force.

9. At the time of the collision, the Plaintiff's vehicle was equipped with a Supplemental

Inflatable Restraint (hereinafter referred to as "SIR") system.

10. Despite the severity of the impact, the Plaintiff's vehicle's SIR system failed to immediately deploy the air bags at the time of impact, or at any time thereafter.

11. As a result of the failure of the air bags to deploy, the Plaintiff, Arthur Viola, sustained serious personal injuries, a period of disability, underwent substantial medical treatment, incurred medical expenses and experienced pain and suffering.

## Count I - Negligence
### (Arthur Viola v. General Motors Corporation)

12. Paragraphs 1 through 11 are realleged and are incorporated herein by reference.

13. On or about June 22, 2001, the Plaintiff, Arthur Viola, was operating his motor vehicle Eastbound on Route 6A in Dennis, Massachusetts.

14. The Plaintiff's motor vehicle, a 2000 Chevrolet C150 pickup truck, was manufactured by the Defendant, General Motors Corporation.

15. As the Plaintiff proceeded Eastbound, he suffered a diabetic reaction, at which point he lost control of the operation of his motor vehicle.

16. As a result, the Plaintiff's vehicle veered off the right shoulder of the road, rolled several times and struck a utility pole with great force.

17. As a result of the Defendant, General Motors Corporation's negligence, the Plaintiff's vehicle's SIR system failed to immediately deploy the air bags at the time of impact, or at any time thereafter.

18. As a result of the Defendant, General Motors Corporation's negligence, the Plaintiff sustained serious personal injuries, a period of disability, underwent medical treatment, incurred medical expenses and experienced pain and suffering.

WHEREFORE, the Plaintiff, Arthur Viola, respectfully requests that this Honorable Court:

1. Enter judgment in favor of the Plaintiff and against the Defendant, General Motors Corporation

2. Award the Plaintiff damages;

3. Award the Plaintiff interest and costs of this action;

4. Order such other relief as this Honorable Court deems just and appropriate.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
Arthur Viola
By his attorney,

John C. Manoog III
The Law Offices of John C. Manoog III
450 South Street
Hyannis, MA 02601
(508)775-0088
B.B.O.# 567481

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

| PLAINTIFF(S)<br>ARTHUR VIOLA | DEFENDANT(S)<br>GENERAL MOTORS CORPORATION |
|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES. | BARNSTABLE                    DISTRICT COURT |
|---|---|

## TORT CLAIMS

| | AMOUNT |
|---|---|
| A.  Documented medical expenses to date: | |
| 1. Total hospital expenses: ............................................. | $ 19,435.61 |
| 2. Total doctor expenses: ............................................... | $ --- |
| 3. Total chiropractic expenses: ....................................... | $ --- |
| 4. Total physical therapy expenses: ................................ | $ --- |
| 5. Total other expenses (Describe):  ambulance | $ 649.67 |
| | SUBTOTAL: |
| B.  Documented lost wages and compensation to date: ............. | $ 20,085.28 |
| C.  Documented property damages to date: ............................ | $ --- |
| D.  Reasonably anticipated future medical and hospital expenses: ... | $ --- |
| E.  Reasonably anticipated lost wages: ................................. | $ unknown |
| F.  Other documented items of damage (Describe): _____ | $ unknown |
| | $ --- |

G.  Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
Plaintiff sustained injuries to his head, facial fractures, as well as chest and abdomen injuries, which required substantial medical treatment.

| For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: | $ 20,085.28 |
|---|---|

## CONTRACT CLAIMS

| | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: | $ |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| Signature  _John C. Manoog_        Date  6/24/04 | |
| Print or Type Name                        B.B.O.#  867411 | |
| Address  450 South St  Hyannis  MA 02601 | |

4/02                                                       33

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)__Arthur Viola v. General Motors Corporation___

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *for patent, trademark or copyright cases

    X     III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___   V.     150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____NONE_____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                           YES          (NO)

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                           YES          (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                           YES          NO

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                           YES          (NO)

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                          (YES)         NO

    A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         (EASTERN DIVISION)         CENTRAL DIVISION          WESTERN DIVISION

    B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION           CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Steven M. Key_____

ADDRESS  Campbell Campbell Edwards & Conroy, 1 Constitution Plaza, Boston, MA 02129

TELEPHONE NO.   617-241-3000_____

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Arthur Viola

## DEFENDANTS

General Motors Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Barnstable, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Detroit, MI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John C. Manoog, III
Law Office of John C. Manoog, III
450 South Street
Hyannis, MA 02601

ATTORNEYS (IF KNOWN) Richard P. Campbell
Steven M. Key
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
617-241-3000

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1332

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE July 7, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___